Augusta MALACARNE, Plaintiff–Appellant,

v.

**CITY UNIVERSITY OF NEW YORK, Paul Russo, Robert Specter, Vice President of Administration and Finance, Baruch College, and Abraham Tawil, Defendants–Appellees.**

No. 07–0613–cv.

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

James A. Brown, Brown and Gropper, LLP, New York, NY, for Plaintiff–Appellant.

Robert C. Weisz, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, of Counsel), Office of the Attorney General of the State of New York, New York, NY, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Augusta Malacarne ("plaintiff") appeals from an order entered by the District Court on December 27, 2006 granting defendants' motion for summary judgment. Plaintiff, formerly an employee of the City University of New York ("CUNY"), filed an action seeking monetary damages and equitable relief for twenty-three counts of violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.;* Title IX of the Education Amendments of 1972, 20 U.S.C. § *1681 et seq.;* the Equal Pay Act of 1963, 29 U.S.C. § 206(d); 42 U.S.C. § 1983; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.;* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–107 *et seq.* against CUNY, Paul Russo, Robert Specter, and Abraham Tawil for discriminating against her on the basis of sex, or aiding and abetting such discrimination, and retaliating against her when she complained about this discrimination. The District Court granted summary judgment to defendants pursuant to Fed.R.Civ.P. 56. Plaintiff timely appealed.

Although plaintiff alludes to discrimination and hostile work environment in her brief, it is not in dispute that she raises on appeal only one issue, which recurs in three counts—the District Court's entry of judgment on plaintiff's claim of retaliation in violation of Title VII, New York State's Human Rights Law, and New York City's Human Rights Law—a retaliatory poor performance evaluation and her subsequent termination (Fifth, Eighteenth, and Twenty–Second Causes of Action).* She therefore waives appeal of the other twenty counts which were dismissed by the District Court. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

The District Court's Memorandum Order addresses each of plaintiff's twenty-three claims, but we address now the only issue before us (retaliation). In discussing plaintiff's retaliation claim, the Court identifies six of the alleged adverse actions: (1) the reassignment of some employees under plaintiff's supervision; (2) defendant Russo's award of a pay raise to an employee plaintiff supervised without consulting plaintiff; (3) Russo's meeting with instruc-

---

* In the underlying action, plaintiff had an additional retaliation claim under Title VII—a retaliatory hostile work environment (Second Cause of Action)—but did not directly oppose defendants' motion for summary judgment on the hostile environment claim. It was therefore forfeited and is not before us now.

tors in a program under plaintiff's direct supervision without her presence; (4) the rescheduling of performance evaluations; (5) Russo's direction to plaintiff to not speak with an overseas counterpart; and (6) the termination of marketing for plaintiff's Center for Language. These six the Court found were "trivial on their face." However, the District Court did not rule explicitly on the retaliation claim with respect to plaintiff's adverse performance evaluation and her subsequent termination of employment as identified in her Fifth, Eighteenth and Twenty–Second Causes of Action. In remanding with respect to these causes of action, we intimate no view as to whether the alleged adverse employment actions identified by the District Court were trivial individually or when considered together with the adverse performance evaluation and subsequent termination. We therefore remand to the District Court to permit it to state its reasoning in dismissing the retaliation claim that appears in these three counts of the complaint with regard to the December 6, 2004 performance evaluation and plaintiff's subsequent termination of employment.

## CONCLUSION

Because plaintiff has waived any claim with respect to the twenty counts not raised on appeal, we **AFFIRM** the grant of summary judgment with respect to those counts. With respect to Malacarne's remaining claims, that she was subject to a retaliatory poor evaluation and subsequent termination, we **VACATE** the judgment of the District Court and **REMAND** for additional findings on the matters noted above, pursuant to the procedure outlined in *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). Following the District Court's decision with respect to these three remaining counts, any party to this appeal may restore jurisdiction to this Court within 30 days by letter to the Clerk's Office seeking review. Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition.