Augusta MALACARNE,
Plaintiff–Appellant,

v.

CITY UNIVERSITY OF NEW YORK, Paul Russo, Robert Specter, Vice President of Administration and Finance, Baruch College, and Abraham Tawil, Defendants–Appellees.

No. 07–0613–cv.

United States Court of Appeals, Second Circuit.

Aug. 8, 2008.

James A. Brown, Brown and Gropper, LLP, New York, NY, for Plaintiff–Appellant.

Robert C. Weisz, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, of Counsel), Office of the Attorney General of the State of New York, New York, NY, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Augusta Malacarne ("plaintiff") appeals from an order entered by the District Court on December 27, 2006 granting defendants' motion for summary judgment. Plaintiff, formerly an employee of the City University of New York ("CUNY"), filed an action seeking monetary damages and equitable relief under federal, state, and local anti-discrimination laws against CUNY and three administrators—Paul Russo, Robert Specter, and Abraham Tawil. The District Court granted summary judgment to defendants pursuant to Fed.R.Civ.P. 56.

On appeal, plaintiff argues that the District Court erred in granting summary judgment on plaintiff's claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and related state and local laws (her Fifth, Eighteenth,

and Twenty–Second Causes of Action).[1] Specifically, plaintiff alleges that she was subjected to adverse actions and a negative performance evaluation in retaliation for her complaints about sex discrimination to Specter and another CUNY employee. The poor performance evaluation led to CUNY's decision not to renew plaintiff's employment contract.

Following oral argument, we issued a Summary Order on February 29, 2008 ("Summary Order") affirming the District Court's dismissal of 20 of plaintiff's claims and remanding the three retaliation claims for further clarification. *See Malacarne v. City Univ. of N.Y.*, 267 Fed.Appx. 97, 99 (2d Cir.2008). Although in our Summary Order we indicated concern about the adverse action element of the plaintiff's Title VII claim, the District Court replied that summary judgment was required "for the independent reason" that plaintiff could not show a "causal connection" between protected activity and any adverse actions. Memorandum Order, dated April 23, 2008 ("April Memorandum Order") at 10, 2008 WL 1882692. The District Court specifically found that, owing to a "host of non-pretextual reasons for not reappointing plaintiff[,] . . . no rational jury could find that her gender was a motivating factor behind the negative evaluation or the failure to reappoint plaintiff." *Id.* at 11. We then invited briefing by the parties regarding the District Court's April order.

"We review the District Court's grant of summary judgment *de novo*," *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir.2005). Because this is the second Summary Order we have issued, and because the District Court has also issued two summary judgment orders, we assume that the parties are familiar with the underlying facts.

The elements of a claim of retaliation under Title VII are: (1) that plaintiff engaged in protected activity under Title VII, (2) that the employer was aware of the protected activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action. *See Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir.2006).

We have interpreted the causation element of a Title VII claim to require a showing that "a retaliatory motive played a part in the adverse employment action." *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir.2001) (internal quotation marks omitted). Where multiple motives are possible, plaintiff does not have to show that "a retaliatory motive [was] the *sole* cause of the adverse employment action." *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir.2001) (emphasis added). However, if a defendant can show evidence of a "legitimate, nonretaliatory reason for the challenged employment decision," plaintiff must "point to evidence" that would "permit a rational factfinder to conclude that the employer's explanation is merely a pretext." *Cifra*, 252 F.3d at 216. In other words, an illegitimate, retaliatory motive must be a "at least a substantial or motivating factor" in the adverse action. *Raniola*, 243

---

**1.** Plaintiff's Fifth Cause of Action (Title VII violation), Eighteenth Cause of Action (N.Y. Exec. Law § 296), and Twenty–Second Cause of Action (N.Y.C. Admin. Code § 8–107) all allege violations of laws that prohibit retaliation against an employee who complains about unlawful discrimination. As we have noted previously, claims brought under the Human Rights Laws of New York State and New York City, including the sections alleged in this lawsuit, are analytically identical to claims brought under Title VII. *See, e.g., Petrosino v. Bell Atl.*, 385 F.3d 210, 220 n. 11 (2d Cir.2004); *Torres v. Pisano*, 116 F.3d 625, 629 n. 1 (2d Cir.1997); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714–15 & n. 6 (2d Cir.1996). Therefore, we address here only the Title VII claim.

F.3d at 625 (internal quotation marks omitted).

We agree that plaintiff has failed to show that a retaliatory motive was a substantial or motivating factor in any alleged adverse action, especially her negative performance evaluation. The District Court chronicled several non-pretextual examples of plaintiff's poor job performance in its April Memorandum Order. At the June 9 meeting with Specter, plaintiff alleged that Russo and Tawil had mismanaged funds and committed financial improprieties. *See* April Memorandum Order at 3. However, plaintiff never provided any specific examples of her colleague's financial misdeeds and a follow-up internal investigation revealed no improprieties by any of the defendants. *Id.; see also* Declaration of Robert M. Specter, dated June 20, 2006, Ex. B (Letter from Specter to plaintiff, dated July 9, 2004), at 1–2. On October 22, plaintiff and Russo exchanged emails in which plaintiff called Russo, her direct superior, an "outrage" and alleged that he was incompetent. April Memorandum Order at 4 (citing Declaration of Paul Russo, dated May 12, 2006 ("Russo Decl."), Ex. D (October 22, 2004 Email Exchange)). A week later in a written report, plaintiff blamed a series of recent shortcomings in the educational programs on Russo, alleged that Russo was retaliating against plaintiff (the reason was unspecified), and likened Russo's management style to the misadventures of castaway children in the novel *Lord of the Flies.* (*See* Russo Decl., Ex. C (CAPS Status Report, dated October 28, 2004).) In November 2004, two faculty members wrote letters to Russo complaining about plaintiff's management and professionalism. April Memorandum Order at 4–5 (citing Russo Decl., Ex. E (Letter of George Trahanis, dated November 16, 2004), and Ex. F (Letter of Robert A. Schaefer, Jr., dated November 17, 2006).) A litany of additional reasons for the negative performance evaluation was provided in the evaluation itself, including the failure of plaintiff's programs to meet revenue expectations, mismanagement of a program for international students (which prompted increased scrutiny of the program by federal agencies), signing binding contracts without permission, and other instances of insubordination. (*See* Russo Decl., Ex. G ("Performance Review For the Period 7/1/04 to 11/30/04").)

In light of the multiple, contemporaneously documented, and non-discriminatory reasons for her negative evaluation, plaintiff's mere allegation that her complaint about sex discrimination was a "substantial or motivating factor" in an adverse action is unavailing. *See Raniola,* 243 F.3d at 625 (internal quotation marks omitted). Measured against the overwhelming evidence of her deficient job performance, the six month gap between plaintiff's alleged complaint and her poor performance evaluation is insufficient to fulfill her burden of demonstrating a pretext. *See Cifra,* 252 F.3d at 216. Therefore we agree with the District Court's ruling that defendants have shown that "there is no genuine issue as to any material fact," Fed.R.Civ.P. 56(c), regarding the causation element of a Title VII retaliation claim.

Consequently, we **AFFIRM** the District Court's grant of summary judgment in favor of the defendants on the three remaining claims (the Fifth, Eighteenth, and Twenty–Second Causes of Action).